COMMONWEALTH DEVELOPMENT AND CONSTRUCTION COMPANY, Respondent, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH et al., Appellants.—Order, Supreme Court, New York County, entered on April 15, 1977, which, among other relief, granted plaintiff's motion for partial summary judgment against defendants for an alleged premium overcharge in the sum of $102,000 with interest thereon from July 9, 1975 and further awarded plaintiff interest only against the defendants on the sum of $30,000 (the amount of a premium overcharge previously refunded by the defendants) from July 9, 1975 to August 31, 1976, and the judgment entered thereon on February 23, 1978, unanimously reversed, on the law, the judgment vacated, and summary judgment granted to the defendants dismissing the complaint, with $60 costs and disbursements of these appeals to appellants. Appeal from the order of the same court, entered May 19, 1977, denying the defendants' motion for reargument of plaintiff's motion for partial summary judgment, unanimously dismissed, without costs and without disbursements. In July, 1975, when their surety bond rate on file with the State Superintendent of Insurance was 1% per annum, the defendants charged the plaintiff 5% per annum and did not file this as a new rate until over a year later. Special Term found that "the defendant failed to follow any of the statutory requirements and prerequisites for a rate increase" and held that the rate charged the plaintiff was legally impermissible. Special Term was apparently persuaded by section 185 of article 8 of the Insurance Law, which in essence holds insurers to their filed rates. Effective, however, on January 1, 1970, a new system of rate regulation, article 7-A, came into being creating a free market "to promote price competition among insurers" (Insurance Law, § 175, subd 1). Excepting for some lines of insurance not here involved (see Insurance Law, § 175, subd 2), the requirements of section 185 were effectively repealed by article 7-A's statement that "prior filing of rates * * * with the superintendent or his prior approval thereof shall not be required" (Insurance Law, § 176, subd 2, par [a]). It is true that subdivision 2 of section 178, as it read at the time, required every insurer to furnish the superintendent with rate changes monthly and that section 186 provides a procedure whereby the superintendent may determine the excessiveness of rates. But we do not construe these sections to necessitate the filing of a new rate as a condition precedent to its legality in view of the free market scheme of article 7-A and the specific exemption from prior filing granted by section 176 (subd 2, par [a]). Special Term erred in holding the plaintiff entitled to interest on the premium refund of $30,000 since the plaintiff executed and delivered to the defendants a general release of all "claims which may arise as a result of the refund". The order of this court entered on May 11, 1978 is vacated. Concur—Murphy, P. J., Birns, Silverman, Evans and Lynch, JJ. [63 AD2d 589.]